**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL NICHOLAS,

           Plaintiff,

    v.                                                                           No. 15-CV-402
                                                                                (GTS/CFH)

CITY OF SCHENECTADY, CITY OF
SCHENECTADY POLICE DEPARTMENT
SERGEANT LUCIANO SAVOIA, OFFICER
MICHAEL HUDSON, OFFICER CRAIG
COMLEY, OFFICER MICHAEL
CROUNSE, OFFICER CRIS SEMIONE,
UNITED STATES MARSHAL AL
DWYER,

           Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                      **OF COUNSEL:**
Michael Nichols
Plaintiff Pro Se
292 Winnikee Avenue
Poughkeepsie, New York 12601

**REPORT-RECOMMENDATION AND ORDER**[1]

### I. Background

Presently before this Court is an application to proceed in forma pauperis and a complaint filed by pro se plaintiff Michael Nicholas. Dkt. No. 2. Plaintiff has not paid any fee relating to this action. Id. This action arises out of a stop, search, and arrest of plaintiff that

---

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

occurred on April 9, 2012. Compl. at ¶¶ 22-31 (Dkt. No. 1). Plaintiff's complaint alleges, pursuant to 42 U.S.C. §§ 1983 and 1988, that defendants Sergeant Luciano Savoia, Officer Michael Hudson, Officer Michael Crounse, Officer Cris Semione, Officer Craig Comley violated the Fourth, Fifth, and Eighth Amendments of the Constitution of the United States in their individual and official capacities, and that and U.S. Marshal Al Dwyer committed these violations in his individual capacity. Compl. at ¶¶ 2, 71. Plaintiff further contends City of Schenectady ("City") is liable under a theory of supervisory liability for negligently training and supervising defendant police officers; for their deliberate indifference to the illegal conduct of their officers; and for creating a policy, custom, or practice of police misconduct that allowed for this incident to occur. Id. at ¶¶ 69, 76-78, 80-83. Plaintiff alleges that the City of Schenectady Police Department ("Department") also has a policy and practice of illegally arresting, searching, seizing, and detaining individuals without probable cause or warrant. Id. at ¶ 83. Plaintiff further claims, without specifying the defendants involved, that the due process clause of the Fourteenth Amendment was violated. Id. at ¶¶ 86-86. Finally, he contends that he was subjected to malicious prosecution by "the prosecution." Id. ¶ 67.

Plaintiff requests punitive and compensatory damages. Compl. at 11.

II. **Facts**

Plaintiff contends that on April 9, 2012, in response to an alleged dispatch from defendant Dwyer alleging that the U.S. Marshals had located an "individual" believed to have a warrant for his arrest "operating in the vicinity of Route 7 and Watt Streets," defendants Savoia, Hudson, Crounse, Semione, Comley stopped a vehicle on "Roosevelt

and Albany Streets" that plaintiff was riding in as a rear passenger. Compl. at ¶¶22-23. Defendant Comley removed the driver from the vehicle, and defendants Hudson and Crounse forcibly restrained plaintiff inside of the vehicle. Id. at ¶ 24. Plaintiff was thereafter tased at least three times; punched in the ribs, head, and stomach; placed in a choke hold; and dragged out of the vehicle and placed face down on the street. Id. at ¶ 25. Plaintiff contends that he was not resisting the officers. Id. During this process, plaintiff's pants and underwear became partially pulled down. Id. Defendant officers apparently observed a white substance in plaintiff's buttocks. Id. at ¶ 26. Defendants Crounse, Semione, and Comley moved plaintiff onto the lawn of Bishop Gibbons/Notre Dame High School, surrounded him, and held him down. Id. Thereafter, Sergeant Savoia pulled down plaintiff's pants and undergarments, searched plaintiff's undergarments, and, with a gloved hand, removed the alleged contraband from plaintiff's buttocks. Id. at 28. Plaintiff was screaming in pain during the search. Id. at 29.

Plaintiff was charged with, and later indicted for, Criminal Possession of a Controlled Substance in the Third Degree and Tampering with Physical Evidence and Obstruction of Government Administration. Id. at 31-32. Following pretrial hearings, Schenectady County Court granted plaintiff's motion to suppress the physical evidence. Id. at 33. On appeal, the Appellate Division, Third Department affirmed. Id. at 35-36. All criminal charges arising from this search and seizure were dismissed. Id. at ¶ 34.

Plaintiff alleges that defendants Savoia, Hudson, Crounse, Semione, and Comley violated the Fourth Amendment by unlawfully searching him without a warrant and subsequently arresting him. Compl. at ¶ 41. Plaintiff further alleges that defendants Luciano, Hudson, Crounse, Semione, Comley, and Dwyer violated the Fourth Amendment

by falsely arresting and confining him.  Id. at ¶¶ 35, 45-49.  Defendants Luciano, Hudson, Crounse, Semione, and Comely violated the Fourth Amendment by subjecting him to excessive force by punching him, shooting him several times with a taser gun, and performing a search of his anal cavity.  Id. at ¶¶ 53-54, 63-65.  He alleges that defendant Savoia, who is not a "qualified medical personnel," violated the due process clause of the Fifth Amendment by performing a search of his anal cavity.  Id. at ¶¶ 58-61.  He also alleges that this use of force violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Id. ¶¶ 63-65.  Plaintiff further contends that he was deprived of his liberty in violation of the Fourteenth Amendment.  Id. at ¶¶ 85-86.  Plaintiff argues that defendant City (1) was deliberately indifferent to the use of force by its officers; (2) negligently failed to provide proper supervision or training of its police officers; and (3) had a custom, policy, and practice of unlawfully arresting, detaining, searching, and seizing individuals without probable cause or warrant.  Id. at ¶¶ 76-83.  Plaintiff also contends that the Department had a custom, policy, or practice of unlawfully arresting, detaining, searching, and seizing individuals without probable cause or warrant.  Id. at ¶ 83.  Finally, plaintiff alleges that he was subjected to malicious prosecution by the prosecutor.  Id. at ¶ 67.

### III. **Discussion**

### A. **IFP Status**

After reviewing plaintiff's IFP Application (Dkt. No. 2), the Court finds that he may properly proceed with this matter in forma pauperis.

B. **Initial Screening**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. In reviewing the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Further, "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

1. **Complaints against defendants Savoia, Hudson, Crounse, Semione, and Comley in their official capacities**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "New York State has not consented

to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment. Hines v. City of Albany, 542 F. Supp. 2d 218 (N.D.N.Y. 2008).

To the extent that plaintiff's complaint raises claims against Savoia, Hudson, Crounse, Semione, and Comley in their official capacities for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments, such claims cannot stand.[2]

Accordingly, it is recommended that all claims against Savoia, Hudson, Crounse, Demoine, and Comley in their official capacities be dismissed with prejudice, and without leave to amend.

### 2. **Eighth Amendment Claim**

Plaintiff alleges that defendants' acts of forcibly restraining him, stunning him with a taser, and searching his anal cavity violated the Eighth Amendment's prohibition on cruel and unusual punishment. Compl. at ¶¶ 63-65. However, plaintiff was not a convicted inmate at the time of the incident at hand. The "Eighth Amendment applies only to claims of

---

[2] Although claims for injunctive relief may be brought against defendants in their official capacity, the complaint makes clear that plaintiff is not seeking prospective, injunctive relief, but solely monetary relief for past alleged wrongs. See Interboro Institute, Inc v. Maurer, 956 F.Supp. 188, 194 (N.D.N.Y. 1997) (citing Ex Parte Young, 209 U.S. 123, 160 (1908)).

cruel and unusual punishment imposed on an individual after he or she has been convicted of a crime." Younger v. City of New York, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2000).

Here, as plaintiff alleges excessive force during the course of an arrest, rather than during the course of post-conviction confinement, it is recommended that the Court dismiss the Eighth Amendment claims without leave to amend.

### 3. **Fourteenth Amendment Claim**

Plaintiff contends that the Due Process Clause of the Fourteenth Amendment was violated. Compl. at ¶¶ 84-86. However, plaintiff fails to make specific allegations against any named defendants. Instead, plaintiff makes a general claim that he was deprived of "his liberty and was subjected to severe and painful mental anguish at the time of his arrest and continues to suffer from severe mental pain and anguish . . . ." Id. ¶ 86. The Court is unable to guess which defendants plaintiff wishes to bring this claim against and cannot assume that he intends to bring it against all defendants – such conclusion would run afoul of common sense as some defendants are entities. As it stands, there appears to be a lack of personal involvement of any of the defendants under plaintiff's Fourteenth Amendment claim. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Thus, "a plaintiff must plead that *each* Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, 566 U.S. 662, 676 (2009).

Accordingly, it is recommended that plaintiff's Fourteenth Amendment claim be

dismissed without prejudice, and with leave to amend, in light of plaintiff's pro se status.

4. **Malicious Prosecution Claim**

Plaintiff claims that the prosecution against him was "malicious and deliberate." Compl. at ¶ 67. In order to state a claim of malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir.1997) (internal quotations and citations omitted). Plaintiff provides that he was indicted, which creates a rebuttable presumption of probable cause, and probable cause is a "complete defense" to a malicious prosecution claim. See Wiggins v. Buffalo Police Dept., 320 F. Supp. 2d 53, 58 (W.D.N.Y. 2004). To rebut this presumption, a plaintiff must "allege facts that would establish 'that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." Id. (citing Fulton v, Robinson, 289 F.3d 188, 196 (2d Cir. 2002)).

Furthermore, although plaintiff alleges malicious prosecution on behalf of the prosecutor, he fails to allege personal involvement of any of the named defendants. See Compl. at ¶ 67. Based on the foregoing, it is recommended that plaintiff's malicious prosecution claim be dismissed without prejudice and with leave to amend so that he may allege personal involvement on behalf of named defendants and provide facts specifically rebutting the presumption of probable cause. See generally Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient to at least permit the plaintiff to amend his complaint to

-8-

state a cause of action.").

IV. **Conclusion**

**WHEREFORE**, it is hereby:

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 2) is granted;[3]

and it is further

**RECOMMENDED** that:

    **1.** all claims against defendants Savoia, Hudson, Crounse, Semione, and Comley in their official capacity be dismissed with prejudice and without leave to amend;

    **2.** plaintiff's Eighth Amendment claims be dismissed in their entirety with prejudice and without leave to amend;

    **3.** plaintiff's Fourteenth Amendment claims be dismissed without prejudice, and with leave to amend; and

    **4.** plaintiff's malicious prosecution claim be dismissed without prejudice and with leave to amend; and

    **5.** plaintiff's Fourth and Fifth Amendment claims against defendants Savoia, Hudson, Crounse, Semione, Comley, and Dwyer in their individual capacities and against proceed forward, as well as all remaining claims against the City of Schenectady and the Schenectady Police Department; and

    **6.** should this Report-Recommendation and Order be adopted, plaintiff be given **THIRTY (30)** days from the District Judge's Order adopting this Report-

---

[3] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

Recommendation and Order to file said amended complaint; and it is further

**ORDERED**, that if the above recommendations are adopted by the District Judge, (1) the Clerk shall be directed to issue Summonses for defendants and forward them, along with copies of the Complaint and General Order 25, to the United States Marshal for service upon the defendants; and (2) the defendants or their counsel shall be directed to provide a formal response to the Complaint, in accordance with the Federal Rules of Civil Procedure, as it relates to the claims against them, and it is further

**ORDERED**, that <u>any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing</u>. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir.

1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: April 9, 2015
      Albany, New York

/s/ Christian F. Hummel
Christian F. Hummel
U.S. Magistrate Judge