**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL NICHOLAS,

                              Plaintiff,

        v.                                                        No. 1:15-CV-402
                                                                      (GTS/CFH)

CITY OF SCHENECTADY, CITY OF
SCHENECTADY POLICE DEPARTMENT
SERGEANT LUCIANO SAVOIA, OFFICER
MICHAEL HUDSON, OFFICER CRAIG
COMLEY, OFFICER MICHAEL
CROUNSE, OFFICER CRIS SEMIONE,
UNITED STATES MARSHAL AL
DWYER,

                              Defendants.
_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**


**APPEARANCES:**                                **OF COUNSEL:**
Michael Nicholas
Plaintiff Pro Se
292 Winnikee Avenue
Poughkeepsie, New York 12601

### REPORT-RECOMMENDATION AND ORDER

        Plaintiff commenced this action on April 3, 2015 against defendants the City of

Schenectady ("City"), Schenectady Police Department ("Department"), Sergeant

Luciano Savoia, Officer Michael Hudson, Officer Craig Comley, Officer Michael

Crounse, Officer Cris Semione, and United States Marshal Al Dwyer (collective

"defendants," where appropriate).  Dkt. No. 1.  Plaintiff also filed a motion to proceed In

Forma Pauperis ("IFP").  Dkt. No. 2.  Plaintiff has not paid a filing fee in this action.

Presently before the Court is a review of plaintiff's amended complaint.  Dkt. No. 9.

## I.  **Background**

Following an initial review of the complaint, the undersigned granted plaintiff's IFP application and recommended that (1) all claims against defendants Savoia, Hudson, Crounse, Seminole, and Comely in their official capacity be dismissed with prejudice; (2) plaintiff's Eighth Amendment claims be dismissed with prejudice and without leave to amend as to all defendants; (3) plaintiff's Fourteenth Amendment claims be dismissed without prejudice and with leave to amend as to all defendants; (4) plaintiff's malicious prosecution claim be dismissed without prejudice and with leave to amend as to all defendants; (5) plaintiff's Fourth and Fifth Amendment claims against Savoia, Hudson, Crounse, Semione, Comely, and Dwyer in their individual capacities proceed forward; and (6) any remaining claims against the City of Schenectady and Schenectady Police Department proceed.  Dkt. No. 4.  The undersigned further recommended that, should the District Judge adopt the Report-Recommendation and Order, plaintiff be given thirty days from the date of the Order adopting the Report-Recommendation and Order to file an amended complaint in order to cure the deficiencies raised in the Report-Recommendation and Order.  Id.

On June 26, 2015, District Judge Suddaby adopted the Report-Recommendation and Order, and summonses were issued .  Dkt. No. 6.  The Order of Judge Suddaby advised plaintiff that, should he file an amended complaint, "that Amended Complaint must reassert any claims not dismissed from his original complaint (if he wishes to

continue to pursue those claims), because an Amended Complaint must be [a] *complete* pleading, which supersedes the original Complaint and may not incorporate any portion of the original Complaint by reference." Dkt. No. 5 at 2. On July 27, 2015, plaintiff filed an amended complaint.[1] Dkt. No. 9. Within this Report-Recommendation and Order, pursuant to, Section 1915(e) of Title 28 of the United States Code, the undersigned will assess the amended complaint to determine whether it is now in compliance. Dkt. Nos. 5, 6.

For a review of the facts alleged in this matter, reference is made to this Court's prior Report-Recommendation and Order (Dkt. No. 4) and to the amended complaint itself.[2]

## II. **Review of Amended Complaint**[3]

### A. **Official Capacity**

As a threshold issue, it is unclear, in the amended complaint, whether plaintiff still attempts to proceed against the police officer defendants in their official capacities, despite this Court's prior Order dismissing with prejudice all claims insofar as raised

---

[1] The Court observes that plaintiff has filed two identical copies of his amended complaint. These duplicate copies were uploaded together as one document. Dkt. No. 9. Thus, pages one through fourteen of the amended complaint are the same as pages fifteen through twenty-eight of the amended complaint. See id. There are also two identical copies of the Appellate Division, Third Department decision in the underlying criminal matter attached therein. Id.

[2] The undersigned has reviewed the amended complaint in great detail and finds that, insofar as the facts are concerned, the amended complaint is a word-for-word restatement of the facts in the original complaint. Thus, in light of judicial economy, the undersigned will not restate the facts here.

[3] Any unpublished decisions cited to within this Report-Recommendation and Order are attached herein.

against defendants in their official capacities.  Although plaintiff's amended complaint contains a section entitled "individual capacity liability," (Dkt. No. 9), his amended complaint also states that defendants Savoia, Hudson, Semione, Crounse, Comley, "violated the fourth, fifth and eighth amendments of the constitution of the United States in their individual and official capacity."  Dkt. No. 9.  Thus, insofar as plaintiff's amended complaint seeks to proceed with these claims against these defendants in their official capacities, such claims must be dismissed for the reasons stated in the prior Report-Recommendation and Order of this Court.  Dkt. No. 4 at 5-6.

Accordingly, it is recommended that plaintiff's complaint, insofar as it re-alleges claims against defendants Savoia, Hudson, Semione, Crounse, Comley in their official capacities be dismissed with prejudice.


### B.  **U.S. Marshal Al Dwyer**

Plaintiff brings claims for violations of the Fourth, Fifth, and Fourteeth amendment against U.S. Marshal Al Dwyer, purportedly pursuant to 42 U.S.C. § 1983. It is "well settled that a § 1983 claim does not lie against the federal government, its agencies, or its employees" as "the federal government does not act under color of state law."  Feldman v. Lyons, 852 F. Supp. 2d 274, 278 (N.D.N.Y. Apr. 4, 2012); see also Chodos v. F.B.I., 559 F. Supp. 69, 72 (S.D.N.Y. 1982), aff'd 697 F.2d 289 (2d Cir. 1982), cert. denied 459 U.S. 1111 (1983) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.").  In order for this Court to have jurisdiction over plaintiff's claims against Dwyer, who plaintiff appears to contend was acting under

the color of federal law, plaintiff must either allege (1) a direct violation of his rights under the constitution, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right; or (2) "a tort committed by a federal agent that would give rise to liability under state law if committed by a private individual" pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Chodos, 559 F. Supp. at 72 (citation omitted).  Further, plaintiff appears to make no allegation of state action against Dwyer in the amended complaint.

Accordingly, as section 1983 applies only to actions taken under the color of state law that violate federal or constitutional statutory rights and cannot lie against federal officers, and plaintiff does not assert that defendant Dwyer was engaged in a state action, plaintiff's claims against Dwyer, insofar as they are purported to be brought pursuant to 42 U.S.C. § 1983, cannot stand.  However, given the special solicitude that is due to pro se plaintiffs, Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006), it is recommended that the Court treat plaintiff's claims against Dwyer as a Bivens action pursuant to Bivens v. Six Unknown Agents of Federau Bureau of Narcotics, with jurisdiction under 28 U.S.C. § 1331.  See, e.g., Tavarez v. Reno, 54 F.3d 109, 109-110 (2d Cir. 1995) (concluding that the district court properly construed the plaintiff's complaint, brought under section 1983, as one brought pursuant to Bivens where the pro se plaintiff sued federal defendants for constitutional violations.); see also Karasconyi v. Radloff, 885 F. Supp 368, 368 n.1 (N.D.N.Y. 1995) (treating the pro se plaintiff's 19983 claims against a federal official's enforcement of a federal regulation as

5

if brought pursuant to <u>Bivens</u>).

### C. **Eighth Amendment**

In a paragraph of the amended complaint labeled "Individual Capacity Liability[,]" plaintiff makes a passing reference to violations of the First, Eighth, and Ninth Amendment. Dkt No. 9 at 7. As previously held by this Court, there can be no Eighth Amendment violation as plaintiff is not alleging that he was subjected to excessive force following a conviction. Dkt. No. 4 at 6-7 (citing <u>Younger v. City of New York</u>, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2000).

Thus, insofar as plaintiff attempts to re-allege an Eighth Amendment violation, it is recommended that such claims be dismissed with prejudice as to all defendants.

### D. **First Amendment**

Addressing plaintiff's reference to the First Amendment, plaintiff raised no First Amendment claim in his initial or amended complaint, makes no claim that defendants violated his freedom of religion or speech, and provides no facts to support such. Thus, insofar as plaintiff raises a First Amendment claim in his amended complaint, it is recommended that such claim be dismissed, without prejudice, as to all defendants.

### E. **Ninth Amendment**

Insofar as plaintiff attempts to assert a Ninth Amendment violation, plaintiff has not alleged any facts implicating violation of any right guaranteed to him by the Ninth

Amendment.  Furthermore, "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." Bussey v. Phillips, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006).  Thus, insofar as plaintiff alleges a Ninth Amendment violation in his amended complaint, it is recommended that such claim be dismissed with prejudice, as to all defendants.

## F.  **Malicious Prosecution**

Plaintiff's malicious prosecution claims implicate constitutional rights arising under the Fourth Amendment.  See, e.g., Williams v. Young, 769 F. Supp. 2d 594, 603 (S.D.N.Y. 2011).  In this Court's prior Report-Recommendation and Order, addressing plaintiff's malicious prosecution claim, the undersigned noted that "although plaintiff alleges malicious prosecution on behalf of the prosecutor, he fails to allege personal involvement of any of the named defendants."  Dkt. No. 4 at 8.  Under the heading, "malicious prosecution," plaintiff's amended complaint states that "there was a lack of probable cause for commencing the proceeding a [sic] in the case at bar[.]"  Dkt. No. 9 at 13.  The amended complaint further provides:

> from the start the Defendants and the People and the court knew from the nature of the arrest (as the case started forth) was one that form [sic] the above matter (malicious prosecution), which is gleamed from the trial of Plaintiff, but yet, even after the court itself found that Defendants [sic] statements were in consist [sic] and yet keep [sic] the proceedings to go [sic] forward.  The court became aware that the indictment was from fraud.

Id.

Here, plaintiff names unspecified "defendants," "the court,"[4] and the People as the individuals or entities who instituted the alleged malicious prosecution against him. Dkt. No. 9 at 13. To state a claim for malicious prosecution,[5] a plaintiff must demonstrate that (1) the defendant initiated a prosecution against the plaintiff; (2) the defendant lacked probable cause to believe the proceeding could be successful; (3) the defendant acted with malice in initiating the proceeding; and (4) the prosecution was terminated in the plaintiff's favor. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003); Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).

As noted in this Court's April 9, 2015 Report-Recommendation and Order, the return of an indictment establishes a rebuttable presumption of probable cause that may be rebutted by showing that "the indictment was a product of fraud, perjury, the suppression of evidence by the policy, or other police conduct taken in bad faith." Fulton, 289 F.3d at 198; see also Manganiello v. City of New York, 613 F.3d 149, 161-62 (2d Cir. 2010). In that vein, plaintiff argues in his amended complaint that defendants – he does not specify – pursued their prosecution despite lacking probable cause and having knowledge that the indictment was a product of fraud, suggesting

---

    [4]   The Court observes that, although the County Court Judge who preceded over plaintiff's trial and the prosecutor are not named defendants to this action, plaintiff's amended complaint refers ambiguously to "the court" in referencing his prosecution. Insofar as plaintiff may seek to allege that the County Court judge also participated in the alleged malicious prosecution, the judge is not a defendant to this action. Similarly, as a liberal reading may suggest that, in citing "the court" or "the People," plaintiff is referring to the prosecutor in his underlying criminal prosecution, the Court notes that the prosecutor is also not a named defendant in this action.

    [5]   The Court notes that "[f]alse arrest and malicious prosecution claims brought pursuant to section 1983 to vindicate Fourth and Fourteenth Amendment rights to freedom from unreasonable seizures "'are substantially the same" as claims for false arrest or malicious prosecution under state law." Amaker v. Clinton County, 8:08-CV-58 (LEK/DRH), 2008 WL 5157442, at *3 (N.D.N.Y. Dec. 8, 2008) (citing Jocks, 316 F.3d at 134) (internal quotation marks and citation omitted).

that the indictment was procured in bad faith.  Dkt. No. 9 at 13.

Although it is clear that plaintiff meets the second and fourth prongs – he was the subject of a criminal prosecution arising out of the incidents on April 9, 2012, and that the prosecution was terminated in plaintiff's favor – even reading the amended complaint liberally, plaintiff has not alleged sufficiently that the individual defendants "initiated" a criminal proceeding against him.  See Jocks, 316 F.3d at 134.  "Generally, there is a rebuttable presumption that criminal proceedings are initialed by prosecutors, not arresting officers."  Barone v. United States, 12-Civ-4103 (LAK), 2014 WL 4467780, at *17 (S.D.N.Y. Sept. 10, 2014).  Plaintiff has neither alleged nor specified that any of the individual defendants filed a sworn felony complaint with the court, altered evidence, filled out corroborating affidavits, gave advice or encouragement, engaged in other specified activity or role.  Llerando-Phipps v. City of N.Y., 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005) ("In malicious prosecution cases against police officers, plaintiffs have met this first element by showing that officers brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits, or swore to and signed a felony complaint."); Doe v. Selsky, 663 F. Supp. 2d 213, 215 (W.D.N.Y. 2009) (quoting Limone v. United States, 579 F.3d 79, 89 (1st Cir. 2009) ("'In a broad brush, an individual may be said to have instituted criminal proceedings against another [for purposes of a §1983 prosecution claim] if he caused those proceedings to be initiated,' such as by swearing out a criminal complaint against another person or by inducing a police officer or prosecutor to lodge formal criminal charges."); see also Mitchell v. Victoria Home, 434 F. Supp. 2d 219, 228 (S.D.N.Y. 2006) (concluding that

an arresting police officer may be held liable for initiating a criminal action for purposes of malicious prosecution where he or she "played an active role in the prosecution, such as giving advise and encouragement or importuning the authorities to act."). Further, plaintiff has not pleaded with specificity how each named defendant acted with malice, as required under the third prong. Jocks, 316 F.3d at 134.

Even assuming plaintiff's amended complaint sufficed to demonstrate that the named individual defendants "initiated" a criminal proceeding against him and acted with malice, beyond a conclusory claim that there was a lack of probable cause and his unsupported statement that his prosecution continued despite that the court "found" that unspecified defendants' statements were inconsistent, plaintiff has not alleged in a comprehensible manner any facts to overcome the presumption of probable cause that comes with his indictment. Dkt. No. 9 at 13. "Absent a well-pleaded allegation that the indictment itself was procured by 'fraud, perjury the suppression of evidence or other police conduct undertaken in bad faith,' we must presume that probable cause existed for [the] plaintiff's prosecution." Barone, 2014 WL 4467780, at *17 (citations and internal quotation marks omitted).

Finally, insofar as plaintiff pleads a malicious prosecution claim against the City and Department, plaintiff has not demonstrated, as he is required, that he was prosecuted pursuant to an official custom, practice, or policy promulgated by a municipal policy maker. See City of Oklaholma City v. Tuttle, 471 U.S. 808, 823-824 (1985); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Plaintiff makes no such allegation, much less provide any support for such a claim, insofar as he seeks to

allege malicious prosecution on behalf of defendants City and Department.
Thus, plaintiff has failed to allege sufficient facts to support a false arrest or malicious
prosecution claim.

Accordingly, insofar as plaintiff raises a claim for malicious prosecution against
the municipal defendants, because plaintiff has failed to provide anything other than
conclusory statements as to the alleged it is recommended that such claims be
dismissed, without prejudice. Insofar as plaintiff alleges malicious prosecution on
behalf of the individual defendants, it is also recommended that such claims be
dismissed as plaintiff's conclusory statements are insufficient to rebut the presumption

G. **Fourteenth Amendment Due Process**

In plaintiff's "Due Process Violations" section of the amended complaint, he
states that "defendants violated plaintiff's due process of law by way of the Fifth and
Fourteenth Amendments and such deprived the Plaintiff of these rights." Dkt. No. 9 at
12-13. Plaintiff then discusses the forcible conduct he allegedly faced at the hands of
the defendant "police officers." Id. at 12. He contends that the officers' conduct was
"motivated by evil motive and intent and involved reckless and callous indifference to
the federally protected rights of the plaintiff." Id. Finally, under a heading entitled "of
the Fourteenth Amendment[,]" plaintiff states that he was "deprived of his liberty and
subjected to severe and painful mental anguish at the time of his arrest and continue
[sic] to suffer from severe mental pain and anguish . . . ." Id. at 13. Reading plaintiff's
complaint liberally, it appears plaintiff is alleging violations of the Fourteenth

Amendment by all named defendants in this action. Earlier in plaintiff's amended complaint, plaintiff notes that the municipal defendants violated the Fourteenth Amendment (Dkt. No. 9 at 9). Similarly, under the "due process violations" section, plaintiff's only reference to a violation of his due process rights mentions defendant police officers and their alleged use of excessive force. However, plaintiff provides no additional detail as to *how* the municipal defendants violated his Fourteenth Amendment due process rights. Insofar as plaintiff attempts to contend that the individual officers violated his Fourteenth Amendment rights through their use of excessive force, such claims are not a cause for relief under the Fourteenth Amendment, rather, they should be addressed under the Fourth Amendment. See Hemphill v. Schott, 141 F.3d 412, 418 (2d Cir. 1998) (holding that where a plaintiff's excessive force occurred in the context of an arrest, claims of excessive force must be assessed under the Fourth, rather than Fourteenth Amendment's guarantee of substantive due process. Were the plaintiff to make allegations of excessive force in the "non-seizure, non-prisoner context," analysis under the Fourteenth Amendment would be appropriate.) (internal citation omitted). Other than his excessive force claim, which the undersigned concludes is properly assessed under the Fourth Amendment, plaintiff provides no explanation for how defendants violated his right to due process under the Fourteenth Amendment.

Accordingly, insofar as plaintiff's amended complaint brings Fourteenth Amendment due process claims against the municipal defendants, it is recommended that such claims be dismissed, as they are entirely unsupported with any explanation or

12

factual allegations as to how defendants had an official policy or custom of denying Fourteenth Amendment due process rights.  Further, insofar as plaintiff raises Fourteenth Amendment due process claims against the individual defendants, such claims must be dismissed as he has alleged no facts sufficient for the court to find that his Fourteenth Amendment due process rights were violated through the defendants' alleged used of excessive force during his arrest.  Thus, it is recommended that plaintiff's Fourteenth Amendment claims, insofar as brought against defendants Savoia, Hudson, Semione, Crounse, Comley, and Dwyer be dismissed, without prejudice.

### III.  **Conclusion**

**WHEREFORE**, it is hereby

(1) **RECOMMENDED** that all claims against U.S. Marshal Al Dwyer, insofar as brought pursuant to § 1983, shall be treated as if brought pursuant to <u>Bivens v Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 28 U.S.C. § 1331; and it is further

(2) **RECOMMENDED** that plaintiff's claims, insofar as brought against the individual defendants in their official capacities be dismissed, with prejudice, as to all such defendants; and it is further

(3)  **RECOMMENDED** that plaintiff's Eighth Amendment claims be dismissed with prejudice as to all defendants; and it is further

(4) **RECOMMENDED** that plaintiff's First Amendment claims be dismissed, without prejudice, as to all defendants; and it is further

(5) **RECOMMENDED** that plaintiff's Ninth Amendment claims be dismissed, with prejudice, as to all defendants; and it is further

(6) **RECOMMENDED** that plaintiff's Fourth Amendment malicious prosecution claims be dismissed, without prejudice, as to all defendants; and it is further

(7) **RECOMMENDED** that plaintiff's Fourteenth Amendment claims be dismissed, without prejudice as to all defendants; and it is

(8) **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties in accordance with local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).


**IT IS SO ORDERED.**

Christian F. Hummel
U.S. Magistrate Judge

Dated: August 13, 2015
    Albany, New York